IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
AMARILLO DIVISION

DR. RONNY JACKSON, STUART and
ROBBI FORCE, and SARRI SINGER,

          *Plaintiffs*,

v.　　　　　　　　　　　　　　　　Case No. 2:22-CV-00241-Z

JOSEPH R. BIDEN, JR., et al,
          *Defendants*.

_____/

**The Plaintiffs' Motion for Leave to Conduct Expedited
and Limited Jurisdictional Discovery**

The Plaintiffs, through their counsel, file this motion for leave to conduct expedited and limited jurisdictional discovery.

1. On August 17, 2023, the Plaintiffs' counsel became aware of a Freedom of Information Act production by the Department of State containing records relevant to this case.

2. Specifically, the production includes emails and "a license application to OFAC [the Office of Foreign Asset Control] seeking authorization to conduct official USG [United States Government] activities in the West Bank and Gaza that might otherwise be prohibited by CT [counterterrorism] sanctions regulations."

3. These records are direct evidence that the Department of State knew that its ESF funding and related activities in the "West Bank" and Gaza benefit Palestinian terrorist organizations and violate U.S. anti-terrorism laws and regulations, thereby increasing the risk of terrorist attacks against the Plaintiffs and others similarly situated.

1

4.      The Department of State's admission that its activities in the West Bank and Gaza benefit Hamas suggests, with reasonable particularity, the possible existence of other facts, currently hidden, establishing traceability. Accordingly, the Plaintiffs believe expedited and limited jurisdictional discovery regarding facts bearing on the increased risk of harm from Palestinian terrorism caused by the Defendants' ESF assistance to the West Bank and Gaza is appropriate before the Defendants' Motion to Dismiss is decided.

5.      Among other things, the scope of discovery should include the Defendants' knowledge regarding the direct and indirect benefits of such assistance to the Palestinian Authority and to Foreign Terrorist Organizations operating within its jurisdiction or under its control and the reasons for and circumstances of the Department of State's request for an OFAC license.

6.      The Plaintiffs seek leave to (a) propound no more than a combined ten (10) written interrogatories and document requests, including subparts; (b) conduct a Rule 30(b)(6) deposition of the appropriate Department of State representative; (c) conduct a deposition of Andrew Weinschenk, the Director of the Department of State Office of Threat Finance Countermeasures; and (d) conduct a deposition of George Knoll, the Chief of the Department of State's Office of Palestinian Affairs. The Plaintiffs believe this discovery can be completed on or before December 1, 2023.

7.      The Plaintiffs' counsel has conferred with the Defendants' counsel who advises that the Defendants oppose the request for discovery and, for the reasons stated in the fully briefed motion to dismiss, believe the Court should dismiss the

case. Defendants intend to file a written opposition to the Plaintiffs' motion within the period set by the local rules.

WHEREFORE, the Plaintiffs ask that their motion for expedited and limited jurisdictional discovery be granted.

Respectfully submitted,

/s/ Reed D. Rubinstein
REED D. RUBINSTEIN
D.C. Bar No. 400153
reed.rubinstein@aflegal.org
America First Legal Foundation
300 Independence Ave. S.E.
Washington, D.C. 20003
(202) 964-3721
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2023, I electronically filed the Plaintiffs' Motion for Leave to Conduct Expedited and Limited Jurisdictional Discovery and a draft Order with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM / ECF system. Counsel in the case are registered CM / ECF users and service will be accomplished by the CM / ECF system.

*/s/ Reed D. Rubinstein*
REED D. RUBINSTEIN