IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
AMARILLO DIVISION

_____

DR. RONNY JACKSON, STUART and
ROBBI FORCE, and SARRI SINGER,

           *Plaintiffs*,

v.     Case No. 2:22-CV-00241-Z

JOSEPH R. BIDEN, JR., et al,

           *Defendants*.
_____/

# THE PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO CONDUCT EXPEDITED AND LIMITED JURISDICTIONAL DISCOVERY

### Facts

On August 17, 2023, the Plaintiffs' counsel became aware of a Freedom of Information Act production by the Department of State containing records relevant to this case. Specifically, the production includes "a license application to OFAC [the Office of Foreign Asset Control] seeking authorization to conduct official USG [United States Government] activities in the West Bank and Gaza that might otherwise be prohibited by CT [counterterrorism] sanctions regulations." App. 6. It states:

> The Department of State requests on foreign policy grounds that OFAC issue a specific license for a period of two years authorizing the conduct of the official business of the U.S. government by employees, grantees, or contractors thereof in the West Bank and Gaza that would otherwise be prohibited by the Global Terrorist Sanctions Regulations and the Foreign Terrorist Organization Sanctions Regulations to support the Administration's foreign policy objectives.

App. 11; *see also* App. 8. The Biden Administration's "foreign policy objectives" were more particularly described as follows:

> The Administration seeks to restart economic, humanitarian, and security assistance activities in the West Bank and Gaza that will benefit all Palestinians and address critical issues that further progress toward peace. Our assistance programs improve the lives of millions of Palestinians through support to health, infrastructure, humanitarian relief, and economic development activities. Moreover, our support for the development of the Palestinian economy, civil society, and other private and public institutions helps improve the lives of Palestinians and ensure the viability of a future Palestinian state.

App. 9.

To explain its "Need for an OFAC License," the Department of State averred that:

> Hamas is a Foreign Terrorist Organization (FTO) and Specially Designated Global Terrorist (SDGT). Other terrorist groups are present in the West Bank and Gaza, including Palestinian lslamic Jihad (PIJ), the Palestine Liberation Front (PLF), and the Popular Front for the Liberation of Palestine (PFLP). Due to its overall strength and level of control over Gaza, we assess there is a high risk Hamas could potentially derive indirect, unintentional benefit from U.S. assistance to Gaza. There is less but still some risk U.S. assistance would benefit other designated groups.

App. 10. What the Department of State meant by the phrase "indirect, unintentional benefit" is unclear.[1] However, what is clear is that the Department of State believed

---

[1] Oddly, the Department of State's OFAC application focused on the benefit created for Hamas as the result of ESF spending in Gaza without addressing whether similar spending in the "West Bank" would benefit FTOs and the Palestinian Authority. Hamas, PIJ, and the PFLP routinely conduct terrorist attacks against Americans and Israelis in and from this area. *See* Nidal Al-Mughrabi, *Analysis: Hamas Sees West Bank as Battleground With New Israel Gov't*, REUTERS (Jan. 18, 2023), https://reut.rs/3P86fBR; *see also* Yoni Ben Menachem, *Hamas Begins to Establish a Rocket Production Infrastructure in Jenin*, JERUSALEM CTR. FOR PUB. AFFS. (Aug. 21, 2023), https://bit.ly/3KNnaH6; Nan Jacques Zilberdik, *Fatah: Murderers of 4 Israelis Are "Heroic Martyrs" and "Men True to What They Promised Allah"*, PALESTINIAN MEDIA WATCH (June 21, 2023), https://bit.ly/3YM7bPw. The "Al-Aqsa Martyr Brigades" — an FTO controlled by Fatah and the Palestinian Authority — is also active there; it too routinely conducts terrorist operations against Americans and Israelis. PALESTINIAN MEDIA WATCH (@palwatch), *Fatah Brags of Two Terror Fronts: Pa Security Services and Fatah's Al-Aqsa Martyrs' Brigades*, YOUTUBE (Sep. 18,

it needed "maximum flexibility" to circumvent anti-terrorism sanctions and laws to carry out the Biden Administration's plans for using U.S. taxpayer funds to build a Palestinian state. App. 9.

## Argument

The Defendants challenge traceability, disputing the Plaintiffs' allegations that the Defendants are directly responsible for increasing the risk that they face from Palestinian terrorists. Mot. Dismiss at 13, 19. They argue that the "Plaintiffs speculate that Defendants' provision of ESF assistance to the West Bank and Gaza increases their risk of being harmed by Palestinian terrorists when traveling to Israel in the future. But this alleged injury is not fairly traceable to the challenged actions of the Defendants here: providing ESF assistance to the West Bank and Gaza." Mot. Dismiss at 13. They further argue that the Plaintiffs' allegation that the Defendants' violations of the Taylor Force Act have increased their risk of harm due to Palestinian terrorism "is entirely conjectural and does not establish their standing" because "the threat of terrorism is the result of many historic and current circumstances, and the independent actions of organizations, entities, and people who pursue violence. Given the myriad factors that lead to an increased risk of terrorism, it has not been credibly alleged that ESF assistance to the West Bank and Gaza increases any risk of harm to Plaintiffs, let alone one sufficient to establish standing." Mot. Dismiss at 19.

---

2022), https://bit.ly/3KNkIAq; *see also* MEIR AMIT INTEL. AND TERRORISM INFO. CTR., *"Al-Aqsa Martyrs' Brigades" – A Generic Name for the Armed Squads of Palestinian Terrorists Currently Active in Judea and Samaria* (Oct. 30, 2022), https://bit.ly/3sh51Ln.

The law presumes that those who benefit FTOs increase the risk of terrorism because "foreign organizations that engage in terrorist activity are so tainted by their criminal conduct that *any* contribution to such an organization facilitates that conduct." Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, title III, § 301(a)(7), 110 Stat. 1247 (April 24, 1996), note following 18 U.S.C. § 2339B (Findings and Purpose) (emphasis added); *Holder v. Humanitarian L. Project*, 561 U.S. 1, 8, 29–30, 33 (2010) (Roberts, CJ) (citations omitted). Congress criminalized providing benefits to FTOs precisely because *such benefits make terror attacks more likely to occur. Id.* at 35. Consequently, the revelation of direct evidence demonstrating the Department of State knew that its ESF funding and related activities in the "West Bank" and Gaza benefit Palestinian FTOs and require an OFAC waiver seemingly contradicts the Defendants' traceability argument. *See* Mot. Dismiss at 13. At a minimum, this revelation raises a fact question amenable to jurisdictional discovery.

This Court has broad discretion to permit the Plaintiffs to conduct jurisdictional discovery where, as here, the motion to dismiss raises issues of fact. *RapidDeploy, Inc. v. RapidSOS, Inc.*, No. 1:22-CV-00612-LY, 2022 WL 3045649, at *7 (W.D. Tex. Aug. 1, 2022), *report and recommendation adopted*, No. 1:22-CV-612-LY, 2022 WL 17814234 (W.D. Tex. Aug. 26, 2022); *see also Wesberry v. United States*, 205 F. Supp. 3d 120, 135 (D.D.C. 2016) (citations omitted). A jurisdictional fishing expedition based on general averments is not appropriate, but if there at facts that suggest with reasonable particularity the possible existence of jurisdiction, then

3

discovery should be allowed. *Getagadget, L.L.C. v. Jet Creations Inc.,* No. 19-51019, 2022 WL 964204, at *5 (5th Cir. Mar. 30, 2022) (citations omitted); *accord GTE New Media Servs. Inc. v. BellSouth Corp.,* 199 F.3d 1343, 1351 (D.C. Cir. 2000).

The Department of State's admission that its activities in the West Bank and Gaza benefit Hamas suggests, with reasonable particularity, the possible existence of other facts, currently hidden, establishing traceability. Accordingly, the Plaintiffs believe expedited and limited jurisdictional discovery regarding facts bearing on the increased risk of harm from Palestinian terrorism allegedly caused by the Defendants' ESF assistance to the West Bank and Gaza is appropriate, and they seek leave to (a) propound no more than a combined ten written interrogatories and document requests, including subparts; (b) conduct a Rule 30(b)(6) deposition of a designated Department of State representative; (c) conduct a deposition of Andrew Weinschenk, the Director of the Department of State Office of Threat Finance Countermeasures; and (d) conduct a deposition of George Knoll, the Chief of the Department of State's Office of Palestinian Affairs. The Plaintiffs believe all such discovery can be completed on or before December 1, 2023. Finally, the Plaintiffs suggest that the permissible scope of discovery should include but not be limited to the Defendants' knowledge regarding the direct and indirect benefits of such assistance to the Palestinian Authority and to Foreign Terrorist Organizations operating within its jurisdiction or under its control and the reasons for and circumstances of the Department of State's request for an OFAC license.

## Conclusion

The facts suggest with reasonable particularity the possibility of jurisdiction, therefore the Plaintiffs' motion for expedited limited discovery on traceability should be granted.

                Respectfully submitted,

                /s/ Reed D. Rubinstein
                REED D. RUBINSTEIN
                D.C. Bar No. 400153
                reed.rubinstein@aflegal.org
                America First Legal Foundation
                300 Independence Ave. S.E.
                Washington, D.C. 20003
                (202) 964-3721
                *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2023, I electronically filed the Plaintiffs' Brief in Support of their Motion for Leave to Conduct Expedited and Limited Jurisdictional Discovery and a supplemental Appendix with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM / ECF system. Counsel in the case are registered CM / ECF users and service will be accomplished by the CM / ECF system.

> */s/ Reed D. Rubinstein*
> REED D. RUBINSTEIN