IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
AMARILLO DIVISION

DR. RONNY JACKSON, STUART and
ROBBI FORCE, and SARRI SINGER,

           *Plaintiffs*,

v.                            Case No. 2:22-CV-00241-Z

JOSEPH R. BIDEN, JR., et al,

           *Defendants*.
_____/

**THE PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR EXPEDITED AND LIMITED JURISDICTIONAL DISCOVERY**

*First,* the defendants characterize their motion to dismiss as "facial." Def. Opp. at 1, 3–6. Yet they contest traceability based on a remarkable *factual* claim: that the government's violations of the Taylor Force Act do not increase the plaintiffs' risk of harm from Palestinian terrorists and that compliance with the law will not reduce plaintiffs' risk of being injured or killed by them. Defs.' Reply in Supp. Of Mot. to Dismiss at 2, 4–5, Mot. to Dismiss at 13, 14, 19–21; *but see* 22 U.S.C. § 2378c-1 note.[1]

The defendants concede that discovery is proper when jurisdictional facts are disputed. Def. Opp. at 3 (citation omitted). To avoid jurisdictional discovery, they now

---

[1] Tap dancing around Congress's finding that funds benefitting the Palestinian Authority increase terrorism, the defendants reframe the plaintiffs' causation case by arguing that "Plaintiffs' own allegations do not support their theory of causation" because the Palestinian Authority's pay-to-slay program continued even after the Trump Administration turned off the money spigot. Mot. to Dismiss at 14. Yet, Taylor Force Act violations mean more money flows to the Palestinian Authority, and more money flowing to the Palestinian Authority means more money for terrorism; accordingly, the defendants' Taylor Force Act violations will directly increase plaintiffs' risk of harm. Compl. ¶¶ 13, 18–20, 72–74.

1

argue that traceability does not matter. Defs.' Opp. at 9–11. However, having "rung the bell," the defendants' noise complaints should not be given purchase.

*Second,* the Department of State's Freedom of Information Act production is relevant because it demonstrates that the government considered the consequences of dumping American taxpayer dollars into the West Bank and Gaza and concluded that there is a "high risk" Hamas will benefit. Pls.' Mot. for Disc. App. 10. As a matter of law, such benefit increases the plaintiffs' risk of harm from Palestinian terrorists. *Holder v. Humanitarian L. Project*, 561 U.S. 1, 8, 29–30, 33, 35 (2010) (Roberts, C.J.) (citations omitted).

Notably, the relevant records reference the Palestinian Islamic Jihad, the Palestine Liberation Front, and the Popular Front for the Liberation of Palestine, each designated a foreign terrorist organization on May 8, 1998. U.S. DEP'T OF STATE, BUREAU OF COUNTERTERRORISM, *Designated Foreign Terrorist Organizations* (last accessed Sep. 22, 2023), https://bit.ly/48t92gC. The Palestinian Authority/Fatah's "Al Aqsa Martyr Brigades" was designated a foreign terrorist organization on March 27, 2002. *Id.* The Palestinian Authority itself supports terrorism.[2] These organizations

---

[2] Defendants strive to separate Hamas and the Palestinian Authority on the premise that only the former supports terrorism. Def's Opp. at 8–9. This is counterfactual. *See* Itamar Marcus, *The PA Views Terror Against Israel as an Islamic War Against the Jews,* JERUSALEM POST (Sep. 14, 2023), https://bit.ly/45YydRs; Video, *Palestinian President Mahmoud Abbas: Hitler Fought The European Jews Because Of Their Usury, Money Dealings; It Was Not About Antisemitism; Jews From Arab Countries Did Not Want To Emigrate, But Were Forced To Do So By Israel,* MEMRI TV (Sep. 3, 2023), https://bit.ly/3rqACtW; Nan Jacques Zilberdik, *Fatah: Murderers of 4 Israelis Are "Heroic Martyrs" and "Men True to What They Promised Allah"*, PALESTINIAN MEDIA WATCH (June 21, 2023), https://bit.ly/3YM7bPw; PALESTINIAN MEDIA WATCH, *Fatah Brags of Two Terror Fronts: Pa Security Services and Fatah's Al-Aqsa Martyrs'*

are active in the West Bank and Gaza, carrying out and providing financial support for terrorism. However, the government has not made public its analysis of the benefit these organizations will reap from the American taxpayers. Again, the legal presumption is that U.S. government funding benefitting these organizations will increase the plaintiffs' risk of harm from Palestinian terrorism. *Holder*, 561 U.S. at 29–31 (citations omitted). But it would have been arbitrary and capricious for the defendants to have taken final agency action and allocated funds without such an analysis. *See Prairie Band Potawatomi Nation v. Yellen,* 63 F.4th 42, 46 (D.C. Cir. 2023); *Shawnee Tribe v. Mnuchin*, 984 F.3d 94, 102 (D.C. Cir. 2021); *AID Atlanta, Inc. v. United States Dep't of Health & Hum. Servs.,* 340 F. Supp. 3d 1, 4 (D.D.C. 2018).

*Third*, the plaintiffs are not asking for an open-ended discovery "safari." The defendants have questioned whether Taylor Force Act violations increase the plaintiffs' risk of being a victim of Palestinian terrorism. To answer this question, the plaintiffs seek tailored, reasonable leave to propound no more than a combined ten written interrogatories and document requests, including subparts; to conduct a Rule 30(b)(6) deposition of a designated Department of State representative to identify relevant decision-makers (with cooperation from counsel this deposition may not be

---

*Brigades*, YOUTUBE (Sep. 18, 2022), https://bit.ly/45giEIN; *see also* MEIR AMIT INTEL. AND TERRORISM INFO. CTR., *"Al-Aqsa Martyrs' Brigades" – A Generic Name for the Armed Squads of Palestinian Terrorists Currently Active in Judea and Samaria* (Oct. 30, 2022), https://bit.ly/3sh51Ln. The Palestinian Authority's unrelenting support for terrorism is why Congress passed the Taylor Force Act in the first place. Pls.' Mem. in Opp. to Defs.' Mot. to Dismiss at 17–20 (citations omitted).

necessary); to depose Andrew Weinschenk, the Director of the Department of State Office of Threat Finance Countermeasures (Mr. Weinschenk apparently is the individual responsible for preparing the OFAC license request); and to depose George Knoll, the Chief of the Department of State's Office of Palestinian Affairs, the individual responsible for overseeing the Biden Administration's West Bank and Gaza programs. This is hardly a burdensome lift.

## Conclusion

Money is fungible, and material support for terrorist organizations breeds murder. *Holder*, 561 U.S. at 30. Once core bipartisan national security policy pillars, these principles are the Taylor Force Act's foundation. Pls.' Mem. in Opp. to Defs.' Mot. to Dismiss at 3, 9, 12, 17–20 (citations omitted). Accordingly, the defendants could have conceded traceability and moved along. But they have chosen another path. When it comes to the terrorists who murdered Taylor Force, wounded Sari Singer, and daily strive to kill or maim Representative Jackson and others like him when they walk the streets of the State of Israel, the defendants apparently have decided that the Congress and the Supreme Court are wrong; money is not fungible, and material support is not the feedstock for atrocities. Compl. ¶¶ 34-57, 60-65.[3]

---

[3] The defendants have seen fit to benefit the Islamic Republic of Iran with six billion dollars of largess without obtaining Congressional assent as required under the Iran Nuclear Review Act of 2015, Pub. L. 114-117, 129 Stat. 201 (May 22, 2015). *See* Joe Buccino, *Blood Money: Biden's Iran Deal Endangers the Middle East*, TIMES OF ISRAEL (Sep. 19, 2023), https://bit.ly/3RwKzAK; James Phillips, *Biden's Hostage Deal Would Boost Iran's Threats,* WASH. EXAMINER (Aug. 22, 2023), https://bit.ly/3ESxWbz; Alexander Ward et al., *The Backlash to Biden's Iran Deal Is Fierce*, POLITICO (Aug. 14, 2023), https://bit.ly/46laik2. The Islamic Republic of Iran has, from its inception, worked to destroy the State of Israel. *See, e.g.,* VOA, *Top Iran General Says*

The defendants have made a factual challenge to traceability. The facts alleged suggest with reasonable particularity the possibility of jurisdiction. Therefore, the plaintiffs' motion for expedited and limited discovery on traceability should be granted.

Respectfully submitted,

/s/ Reed D. Rubinstein
REED D. RUBINSTEIN
D.C. Bar No. 400153
reed.rubinstein@aflegal.org
America First Legal Foundation
300 Independence Ave. S.E.
Washington, D.C. 20003
(202) 964-3721
*Counsel for Plaintiffs*

---

*Destroying Israel 'Achievable Goal'* (Sep. 30, 2019), https://bit.ly/3EMGbpD. It funds, organizes, and supports terrorism against Americans, Israelis, and Jews worldwide. U.S. INST. OF PEACE, *The Iran Primer: U.S. Report: Iran's Support for Terrorism* (March 23, 2023), https://bit.ly/3rnda0H.

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2023, I electronically filed the Plaintiffs' Reply in Support of their Motion for Expedited and Limited Jurisdictional Discovery in the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

>*/s/ Reed D. Rubinstein*
>REED D. RUBINSTEIN