IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
AMARILLO DIVISION

_____
DR. RONNY JACKSON, STUART and
ROBBI FORCE, and SARRI SINGER,

      *Plaintiffs*,

   v.         Case No. 2:22-CV-00241-Z

JOSEPH R. BIDEN, JR., et al,

      *Defendants*.
_____/

## NOTICE OF SUPPLEMENTAL AUTHORITY

The Plaintiffs, through their counsel, respectfully provide the Court with notice of supplemental authority regarding the Defendants' traceability arguments. *See* ECF No. 20-1 at 19; ECF No. 27 at 4-5.

1. The relevant cases are *Missouri v. Biden*, 2023 WL 6425697, at *9–10 (5th Cir. Oct. 3, 2023) (Exhibit 1) and *Mass. Coalition for Immigration Ref. v. Dep't of Homeland Security*, No. 1:20-CV-03438 (TNM), 2023 WL 6388815, at *6 (D.D.C. Sept. 30, 2023) (Exhibit 2).

2. In *Missouri*, the government challenged traceability because the subject censorship was a result of independent decisions of social-media companies. 2023 WL 6425697, at *9. In *Mass. Coalition*, the government challenged traceability because the subject harm was caused by the independent decisions of illegal aliens. *See* 2023 WL 6388815, at *18-20.

3. In these cases, the Fifth Circuit *per curiam*, and District of Columbia District Court Judge McFadden, rejected the government's traceability claims

1

because the "third parties" reacted in "predictable ways." *Missouri,* 2023 WL 6425697, at *10 citing *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2566 (2019); *Mass. Coalition,* 2023 WL 6388815, at *6 citing *Dep't of Com. v. New York,* 139 S. Ct. 2551, 2566 (2019) (courts will not "endorse standing theories that require guesswork as to how independent decisionmakers will exercise their judgment." But they will endorse standing theories that involve "third parties ... react[ing] in predictable ways.").

4. The foundational premise of the Taylor Force Act (and other U.S. anti-terrorism laws) is that terrorists will react in predictable ways to increased funding. The Plaintiffs' traceability argument is that Palestinian terrorists will react in predictable ways to the Biden Administration's flood of U.S. taxpayer funds into the West Bank and Gaza.

5. Accordingly, the Defendants' traceability challenge should be rejected.[1]

[Signature page follows]

---

[1] Judge McFadden ruled:

> To be sure, this ruling leads to an unusual result. This case will proceed to a trial in which the only disputed factual issues go to the Court's jurisdiction. And the factfinder at trial will be the Court, just as the Court decided this motion. But despite that oddity, such a result is what the Federal Rules compel. See Fed. R. Civ. P. 56(a). For now, the question is whether any reasonable factfinder must agree with one party or the other. At trial, the question is different: whether Plaintiffs persuade this factfinder. And, at trial, the Court will be able to hear the testimony of the witnesses, make credibility determinations, and accept other evidence the parties may offer. Thus, full summary judgment for either party would be inappropriate.

2023 WL 6388815, at *20.

Respectfully submitted,

/s/ Reed D. Rubinstein
REED D. RUBINSTEIN
D.C. Bar No. 400153
reed.rubinstein@aflegal.org
America First Legal Foundation
300 Independence Ave. S.E.
Washington, D.C. 20003
(202) 964-3721
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2023, I electronically filed the Plaintiffs' Notice of Supplemental Authority in the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

*/s/ Reed D. Rubinstein*
REED D. RUBINSTEIN